# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NICHOLAS LINDSEY,

        Plaintiff,

    v.

STATE OF NEVADA, et al.,

        Defendants.

Case No. 2:14-cv-00242-APG-NJK

**ORDER DISMISSING CASE**

(Dkt. ##30, 31)

While incarcerated at the High Desert State Prison, plaintiff Nicholas Lindsey was enjoying Thanksgiving dinner in the "chow hall" when a fight broke out between two nearby inmates. Correctional officers commanded the fighting inmates to stop, but they refused. Eventually, one of the officers fired birdshot[1] at the inmates.

The spray of BBs ejected from a birdshot shell expands as the BBs travel away from the weapon. Because the officer fired from some distance, the spray expanded into a large cloud that hit several inmates not involved in the fight. Lindsey was one of these unfortunate bystanders, and he was struck in the eye. He was treated in the prison's infirmary and later transferred to an outside hospital for further care.

Lindsey claims that defendants violated his constitutional rights by shooting him with birdshot rather than using less harmful means such as pepper spray, failing to ensure that only the inmates involved in the fight were shot, and improperly treating his injuries. Defendants move to dismiss all of Lindsey's claims, arguing he did not properly pursue them first through the prison's administrative grievance process. I agree. Because Lindsey did not properly exhaust his administrative remedies, he cannot maintain those claims in this lawsuit.

---

[1] Birdshot is ammunition that fires a spray of tiny BBs and is meant to be a non-lethal alternative to bullets.

I.      **LEGAL STANDARDS:**

A.      **Summary judgment for failure to exhaust prison remedies**

Prisoners are not required to allege that they exhausted their remedies; instead, defendants must plead and prove exhaustion as an affirmative defense.[2]  Defendants may move for summary judgment under Federal Rule of Civil Procedure 56 when seeking to dispose of prisoner cases on exhaustion grounds.[3]  "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim."[4]  Judges may decide disputed issues of fact to determine whether exhaustion occurred—much like judges may decide disputed issues of fact relevant to jurisdiction and venue.[5]  Discovery may be allowed if needed to determine exhaustion.[6]

All of the other rules of summary judgment apply.  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[7]  For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[8]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[9]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[10]  She "must produce specific evidence, through

---

[2] *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir.) (en banc) cert. denied sub nom. *Scott v. Albino*, 135 S. Ct. 403, 190 L. Ed. 2d 307 (2014).

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[8] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[10] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

1    affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a

2    reasonable fact finder could find in her favor.[11]

3         If the defendants establish that there is no material fact disputing that the prisoner did not

4    exhaust his remedies and cannot do so in the future, summary judgment for defendants is

5    proper.[12]

6    **B.    Properly exhausting claims in prison**

7         The Prison Litigation Reform Act of 1995 ("PLRA") requires a prisoner to exhaust all

8    available prison administrative remedies before bringing his claims in federal court.[13]   This

9    exhaustion requirement is a "centerpiece" of the PLRA's effort "to reduce the quantity . . . of

10   prisoner suits."[14]   The "PLRA's exhaustion requirement applies to all inmate suits about prison

11   life, whether they involve general circumstances or particular episodes, and whether they allege

12   excessive force or some other wrong."[15]

13        Prisoners must exhaust all "available" remedies, not just those that meet federal

14   standards.[16]   And they must exhaust remedies "properly."   This means the prisoner must comply

15   with "all steps the prison holds out, enabling the prison to reach the merits of the" prisoner's

16   complaints.[17]

17        When a prison's remedies are effectively unavailable to a prisoner, he need not exhaust.

18   One example is where a prison's actions would lead a reasonable prisoner to believe no remedies

19

20

21        [11] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at

22   248–49.

         [12] *Albino*, 747 F.3d at 1166.

23        [13] 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 81, 126 S. Ct. 2378, 2380, 165 L.

24   Ed. 2d 368 (2006).

25        [14] *Id.*

         [15] *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

26        [16] *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

27        [17] *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).

28

were available.[18]   But this exception does not apply where that belief is unreasonable.  In one case, prison officials told an inmate of deficiencies in his administrative complaint, and the prisoner failed to address them.  The Ninth Circuit held that the inmate "could have no reasonable belief that administrative remedies were effectively unavailable" because the prison specifically instructed the inmate on how to proceed, but that the inmate did not follow the prison's simple instructions.[19]   Similarly, when a prison imposes procedures so "draconian" they would "trip[ ] up all but the most skillful prisoners," a prisoner may be excused from using his prison's administrative process.[20]   Finally, remedies may be unavailable where the prison rejects complaints for improper reasons—"i .e. for reasons inconsistent with or unsupported by applicable regulations."[21]

The Nevada Department of Corrections provides inmates with a three-level grievance process.  The first level is an informal grievance, the second and third levels are more formal reviews.  To comply with NDOC's regulations, and thus to exhaust his remedies, Lindsey had to properly process his grievances through each of these three levels.  Nevada law gives prisoners six months to grieve from the date of the challenged incident.[22]

## III.   DISCUSSION

The parties agree that Lindsey failed to file any grievances with the prison related to the claims he brings in this case.  He failed to exhaust his administrative remedies.  Lindsey argues that he should be excused from exhaustion because the prison's grievance process was unavailable to him.

---

[18] *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010).

[19] *Id.* at 827

[20] *Id.*

[21] *Id.*

[22] NRS 209.243(1).  NDOC regulation imposes a similar limitations period. *See Exhibit AA.*

1    Where a prison's administrative remedies are effectively unavailable, the exhaustion

2    requirement may be waived.  For example, the Ninth Circuit found administrative remedies might

3    have been effectively unavailable to a prisoner if he had no access to grievance forms while in an

4    infirmary.[23]  But the court instructed that if on remand defendants proved that the plaintiff could

5    have filed a grievance in the infirmary, the exhaustion bar would still apply.[24]

6    Here, defendants have shown that the prison's administrative process was available to

7    Lindsey.  Grievance forms were available to Lindsey while he was in the infirmary, and after.[25]

8    In fact, Lindsey filed an unrelated grievance and several other written complaints from the

9    infirmary, dismissing any doubt that remedies were available to him.[26]

10    Lindsey provides little authority or analysis to oppose defendants' proof, and none of it is

11    availing.  He suggests that he should be permitted to conduct discovery into whether remedies

12    were available to him, but he has not explained how additional discovery could provide him any

13    helpful evidence or information.  Defendants' evidence shows that administrative remedies were

14    available to Lindsey and that Lindsey failed to use them.  This ends the inquiry under the

15    PLRA.[27]

16    Lindsey has failed to create a triable issue that administrative remedies were unavailable

17    to him in prison.  Lindsey did not exhaust his administrative remedies before submitting his

---

18

19    [23] *Marella v. Terhune*, 568 F.3d 1024, 1026 (9th Cir. 2009).

20    [24] *Id.*

     [25] (Dkt. #31-28 at 2-3.)

21    [26] (Dkt. #31-24; Dkt. #31-26.)  On April 9, 2012—within the period Lindsey should have
22    filed any grievance related to the shooting—he filed a grievance complaining that the telephone
     in the infirmary was not working properly. (Dkt. #31-26.)

23    [27] Lindsey also suggests, in his statement of facts, that he is exempt from the exhaustion
     requirement because he was granted parole before his six-month window to file a grievance had
24    expired—and thus administrative remedies were no longer available to him.  But defendants have
     provided unrefuted evidence showing that Lindsey was not actually paroled until after the six-
25    month window had passed.  Plaintiff was not actually released on parole until November 30,
     2012.  This is long after the prison's six-month window to file a grievance had passed.  The
26    shooting incident occurred on January 28, 2012.  So Lindsey had until only the end of July 2012
27    to file his grievance. (Dkt. #31-27 (discussing the six-month filing period for grievances).)

28                                        Page 5 of 6

complaint to this court.  He cannot maintain his unexhausted claims in this action.  Theoretically, if Lindsey were to now file an untimely grievance, the prison might consider it on the merits, and that might satisfy the exhaustion requirement. *See, e.g., Jones v. Stewart*, 457 F. Supp. 2d 1131 (D. Nev. 2006).  Because Lindsey might still be able to exhaust his remedies, I will dismiss his complaint without prejudice.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that defendants' motion **(Dkt. #30, 31) is GRANTED IN PART**.  Plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies.  Defendants' request for summary judgment is denied as moot.

DATED this 14th day of August, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE